**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TIFFANY OLIVER,                          )
      Plaintiff,                          )     C. A. No. 1:21-cv-162
                             )
        v.                          )
                             )     RE: Motion to Dismiss
                             )          Complaint (ECF No. 29)
ERIE COUNTY AND ERIE COUNTY     )
DEPARTMENT OF HEALTH,            )
      Defendants.                        )

## MEMORANDUM OPINION

       Pending before this Court is a Motion to Dismiss the Complaint filed by Defendants Erie

County and Erie County Department of Health. ECF No. 29. The Motion to Dismiss will be

granted, but Oliver will have 30 days to amend Counts 1, 3, 4, 5 and 6.

### I.      RELEVANT PROCEDURAL HISTORY

       Tiffany Oliver brought this six-count suit against Erie County and the Erie County

Department of Health alleging violations of the Americans with Disabilities Act, the Civil Rights

Act of 1964, 42 U.S.C. § 1983, 18 U.S.C. § 242, and the Rehabilitation Act of 1973. ECF No.

12. Defendants filed a brief in support of their motion to dismiss. ECF No. 30. Plaintiff filed a

Motion to Strike—construed here as a reply to Defendants' Motion to Dismiss, ECF No. 33—

which Defendants opposed. ECF No. 34. The Motion to Dismiss has been fully briefed and is

now ripe for decision.

### II.     STANDARDS OF REVIEW

#### A.  Motions to Dismiss

       A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a

motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint should be dismissed pursuant to Rule 12(b)(6) only if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In making this determination, the court must accept as true all well-pleaded factual allegations in the complaint and view them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. Nor must the court accept legal conclusions disguised as factual allegations. *Id.*

Following *Twombly* and *Iqbal*, district courts take a two-step approach to ruling on a motion to dismiss. "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, while the legal conclusions are disregarded. *Id.* at 210–11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Pro Se Filings

Because Oliver is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S.

519, 520 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 364–65 (1982). Thus, the court may consider facts and make inferences where appropriate. But the pleading still must have "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citation omitted).

### C.  Leave to Amend

The issue of whether to grant a plaintiff leave to amend her claims must be decided if the court grants a motion to dismiss. Leave to amend—and, thus, dismissal without prejudice—is appropriate unless an amendment would be inequitable or futile. *See Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). In pro se civil rights actions, "district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Providing leave to amend a claim would be futile if the revised claim, pled adequately, still would have no possible substantive merit. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.    THE ALLEGATIONS OF THE COMPLAINT

Tiffany Oliver allegedly suffers from chronic PTSD and conversion disorder. ECF No. 12 ¶ 73. The Erie County Department of Health hired Oliver as a Disease Investigator starting December 7, 2020. *Id.* ¶ 9. Oliver learned of the position's duties before she was hired, and the Department maintained during orientation that it would follow COVID-19 mitigation measures

and enforce non-discrimination policies. *Id.* ¶¶ 14, 17. Oliver alleges that the Department failed to enforce COVID-19 mitigation guidelines such as social distancing and mandatory temperature checks. *Id.* ¶¶ 23–25.

In December 2020, Oliver informed her supervisor that she had pulmonary injuries and that her significant other was immunocompromised. *Id.* ¶ 54. Still, her coworkers continued to violate COVID-19 policies such as masking, social distancing, and temperature check requirements. *Id.* Oliver avers had she known that the Department would not enforce COVID-19 mitigation policies, she would not have accepted a job there. *Id.* ¶ 57.

On January 6, 2021, Oliver experienced symptoms of a cold and told her supervisor she would not be coming to work. *Id.* ¶ 61. But the next day, Oliver's supervisor required her to attend an in-person meeting with a second supervisor. *Id.* ¶ 63. During the meeting, Oliver's supervisor accused her of "no-showing" for work and asked whether she had visited a doctor or taken a PCR test. *Id.* ¶¶ 64, 70. After being questioned by her supervisors, Oliver began experiencing slurred speech, a symptom of her chronic PTSD and conversion disorder. *Id.* ¶ 73. She then emailed Human Resources to report her supervisors' "bullying and harassing behavior." *Id.* ¶ 74. She also informed one of her supervisors in writing that she planned to receive treatment for her disabilities. *Id.* ¶ 75. The supervisor responded that she could "take all the time" she needed. *Id.* ¶ 76. Oliver subsequently received emergency treatment for a panic attack at St. Vincent's Hospital on or around January 8, 2021. *Id.* ¶ 77.

From January 8, 2021, to the present, Oliver has attempted to return to work remotely, an accommodation that other employees have received. *Id.* ¶¶ 78–80. Oliver communicated with two Erie County employees—Amanda Iadeluca, interim director of Human Resources, and Tyler VanDyke—"at least 20 times via phone and email between January 8, 2021, and March 11,

2021." *Id*. ¶¶ 83, 86. Oliver also spoke weekly with one of her supervisors during that period. *Id*. ¶ 84. In mid-February, Iadeluca and VanDyke asked Oliver to complete a FMLA form; when she failed to fill out the form, they called Oliver to inquire about the form on a weekly basis until March 11, 2021. *Id*. ¶¶ 85, 95. Oliver alleges that Iadeluca and VanDyke were aware of her speech difficulties but refused to accommodate her by permitting non-oral communication. *Id*. ¶¶ 93, 96. During this time, Oliver alleges four deputies were sent to her house to conduct a welfare check because her employer claimed no one had heard from her in months. *Id*. ¶ 114. According to Oliver, this conflicts with "reality, phone records, and email records." *Id*.

Oliver emailed a completed FMLA form to the Defendants on March 24, 2021. *Id*. ¶ 138. In the form, the evaluating doctor stated that Oliver has a "history of difficulty verbalizing thoughts, short term memory issues, [and] frequent falls" and that Defendants should "provide accommodations." *Id*. ¶ 140. On March 24, 2021, Defendants agreed to extend Oliver's FMLA leave until April 9, 2021. *Id*. ¶ 141. However, Defendants continued to reach out to Oliver and her doctor for more information about her requested accommodations. *Id*. ¶¶ 142–46. Finally, Defendants informed Oliver that they would terminate her employment on June 9, 2021. *Id*. ¶ 191.

## IV.     THE DISCRIMINATION CLAIMS

Oliver brings three discrimination claims. Specifically, she claims Defendants Erie County and the Erie County Department of Health violated Title II of the Americans with Disabilities Act (Count 1), Title VII of the Civil Rights Act of 1964 (Count 5), and intentionally discriminated against her (Count 6).

At the outset, it seems Oliver intended to bring a claim under Title I of the ADA, not Title II. Title II of the ADA deals with discrimination based on "exclus[ion] from participation

in" or the denial of "the benefits of the services, programs, or activities of a public entity." 42

U.S.C. § 12132. Several courts, although not the Third Circuit, have held "that Title II of the

ADA does not cover [disability-based] employment claims." *Cook v. City of Phila.*, 94 F. Supp.

3d 640, 648 (E.D. Pa. 2015) (collecting circuit cases in support); *see also McCachren v.*

*Blacklick Valley Sch. Dist.*, 217 F. Supp. 2d 594, 600 (W.D. Pa. 2002) ("An employment

discrimination suit falls under Title I of the ADA, not Title II . . . ."). Because Oliver is

proceeding pro se, the allegations in the complaint must be held to "less stringent standards than

formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520–21. Accordingly, Count 1 of

Oliver's complaint is construed to have been brought under Title I of the ADA, which precludes

discrimination "on the basis of disability" in matters of employment. 42 U.S.C. § 12112(a).

Nevertheless, Oliver's discrimination claims fail as a matter of law because she has not

exhausted her administrative remedies before filing suit, as required. *Churchill v. Star Enters.*,

183 F.3d 184, 190 (3d Cir. 1999) ("[A] party who brings an employment discrimination claim

under Title I of the ADA must follow the administrative procedures set forth in Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e–5."). In addition to the ADA, the same exhaustion

requirements apply to Title VII claims. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997)

("To bring [a Title VII] action in district court the employee must do so either within 30 days of

receipt of notice of final agency action or within 180 days from the date of filing the complaint if

the agency has not reached a decision.").

Oliver states that she filed a complaint with the EEOC and that an interview was

scheduled for June 24, 2021. ECF No. 12 ¶ 234. Rather than exhausting her administrative

remedies by obtaining a right to sue letter or waiting 180 days from the date of her EEOC

complaint, she filed suit in this Court on June 30, 2021. She therefore failed to exhaust her

administrative remedies as a matter of law. Counts 1, 5, and 6 of her complaint will thus be dismissed without prejudice.[1] Accordingly, Oliver will be granted 30 days to amend Counts 1, 5, and 6, where she must allege that she exhausted her administrative remedies.

## V.    CIVIL RIGHTS CLAIM

Oliver brings in Count 2 of her complaint a claim under the Color of Law Act, 18 U.S.C.§ 242. However, as Defendants point out in their motion, § 242 is part of the Federal Criminal Code and makes it a crime to "willfully subject[] any person . . . to the deprivation of any rights, privileges, or immunities secured. . .  by the Constitution." *Id*. There is no private cause of action under 18 U.S.C. § 242. *See United States v. City of Philadelphia*, 644 F.2d 187 (3d Cir. 1980); *see also Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009). However, under the principle that a pro se complaint is to be read liberally, the Court considers Count 2 to be a civil rights claim brought under 42 U.S.C. § 1983. *See Boag*, 454 U.S. at 365.

Even under § 1983, Oliver's claim fares no better. "To state a claim under § 1983, a plaintiff [(1)] must allege the violation of a right secured by the Constitution and laws of the United States, and [(2)] must show that the alleged deprivation was committed by a person acting under color of state law." *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 437 (3d Cir. 2020) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). When a plaintiff sues a municipality under § 1983, she must further show the injury was caused by the "execution of a government's policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The policy or custom must be the "moving force of the constitutional violation." *Id*. A single incident is not sufficient to impose liability upon a municipality unless there is also proof the incident was caused by an existing

---

[1] As to Count 6 in Oliver's complaint, it is unclear whether she is asserting the claim under the ADA or Title VII. Regardless, because of the procedures required by both statutes, exhaustion of administrative remedies is required for this Count.

unconstitutional policy. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–824 (1985). Here, Oliver alleges individual actions by the Defendants and Iadeluca that caused generalized injuries without naming an official policy or custom that caused the deprivation of rights.

These allegations are not enough to survive dismissal. Because Oliver alleges only discrete, isolated incidents of discrimination—such as Defendants misrepresenting her accommodation request and officers conducting a welfare check at her home—she cannot feasibly assert an official, unconstitutional policy that would make Defendants liable for acts committed under the color of state law. None of her alleged incidents of discrimination could possibly be motivated by an unconstitutional policy of Erie County, so she cannot recover under 18 U.S.C. § 242 or 42 U.S.C. § 1983. Thus, any efforts to amend would be futile and Oliver's § 1983 claim will be dismissed with prejudice.

## VI.    REHABILITATION ACT CLAIM

In Count 3, Oliver alleges Defendants violated the Rehabilitation Act of 1973 when they retaliated against her for requesting time off due to her disability. ECF No. 12 ¶ 284. The Act prohibits discrimination against an "otherwise qualified individual with a disability . . . under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. To make out a prima facie case, a plaintiff must establish that: "(1) [she] is a qualified individual; (2) with a disability; (3) [she] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of [her] disability." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007); *see also McDonald v. Pennsylvania*, 62 F.3d 92, 94 (3d Cir. 1995). To meet the fourth prong under the Rehabilitation Act, the plaintiff must establish she was discriminated

against solely because of her disability. *Tressler v. Pyramid Healthcare, Inc.*, 422 F. Supp. 2d 514, 521 (W.D. Pa. 2006).

Oliver's claim does not allege sufficient facts on the first or fourth prongs to survive dismissal. On the first prong, she does not state any facts showing that she met the essential requirements to perform the duties of a disease investigator in spite of her disability—meaning, she could perform the "essential functions of the position with or without reasonable accommodation." *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998). And on the fourth prong, she does not allege any facts showing Defendants retaliated against her solely due to her PTSD and conversion disorder. Because she does not allege these facts, her Rehabilitation Act claim is dismissed without prejudice. However, Oliver will be granted 30 days' leave to amend Count 3 and allege that: (1) she was qualified for the position in spite of her disability; and (2) she was subject to retaliation by Defendants solely because of her PTSD and conversion disorder.

## VII.    CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS CLAIM

In Count 4 of her complaint, Oliver brings what appears to the Court to be a claim under 42 U.S.C. § 1985(3), which prohibits conspiracies to deprive individuals of "exercising any right or privilege of a citizen of the United States." To state a claim under § 1985(3), a plaintiff must allege facts showing:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. Of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983). Section 1985(3) "does not create any substantive rights, but permits individuals to enforce substantive

rights against conspiring private parties." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006). The conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Farber*, 440 F.3d at 135.

Oliver fails to fully state a § 1985(3) claim. At this initial pleading stage, Oliver states sufficient facts to allege there was a conspiracy. She alleges Iadeluca and Jane Doe 2 "conspired to prevent Plaintiff from returning to work, molesting Plaintiff's personal property by restricting Plaintiff's right to earn an income" and "conspired to send armed state actors to Plaintiff's home in an act to discourage Plaintiff from invoking federal and state constitutional and statutory rights." ECF No. 12 ¶¶ 292, 293. While Oliver names these occasions where she allegedly was denied equal protection under the law, she provides only conclusory allegations as to the "discriminatory animus" behind Defendants' actions. Alleging Iadeluca and VanDyke "conspired to change [her] accommodation request," ECF No. 12 ¶ 291, is not sufficient to show the Defendants were motivated by "invidiously discriminatory animus," *Griffin*, 403 U.S. at 102. These facts are not enough under *Twombly* or *Iqbal*—while Oliver need not provide detailed allegations, she must allege more than mere labels and conclusions. *Twombly*, 550 U.S. at 555.

Defendants are correct that Oliver cannot use Section 1985(3) to enforce claims stemming from violations of Title VII of the Civil Rights Act, the ADA or the Rehabilitation Act of 1973 because those statutes have their own enforcement mechanisms. *Zurchin v. Ambridge Sch. Dist.*, 300 F. Supp. 3d 681, 693 (W.D. Pa. 2018); *Medvey v. Oxford Health Plans*, 313 F. Supp. 2d 94, 100 (D. Conn. 2004); ECF No. 30 at 21–22. However, as she also vaguely alleges her rights have been violated under the First, Fifth, and Fourteenth Amendments, amongst others, she is not barred from amending these allegations within her complaint.

Count 4 will therefore be dismissed without prejudice. Oliver will be granted 30 days' leave to amend in order to allege facts showing the conspiracy was motivated by discriminatory animus against disabled people or members of some other identifiable class.

## VIII.   DEFENDANTS' MOTION TO DISMISS THE ERIE COUNTY DEPARTMENT OF HEALTH AS A PARTY

In their Brief in Support of Motion to Dismiss, Defendants request that Erie County Department of Health be dismissed as a defendant in this action. ECF No. 30 at 22–23. They argue Erie County Department of Health is not a properly named party as it is a department of Erie County and not a separate entity. *Id*. at 23.

Because Oliver's § 1983 claim will be dismissed with prejudice, the Defendants' request is moot as to that claim. Regarding the remaining allegations, the Defendants cite only cases treating a municipality and its departments as a single entity in the context of § 1983 claims. They fail to provide substantive arguments for why the Department of Health should be dismissed from Plaintiff's other claims. Accordingly, the Court will not address this argument further. However, if Oliver amends her complaint, Defendants will not be precluded from arguing for the dismissal of the Department of Health, should they so choose.

An appropriate order follows.